GERALD ROBERT SALATI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Salati v. Commissioner
Docket Nos. 34452-87, 34453-87.[1]
United States Tax Court
T.C. Memo 1989-192; 1989 Tax Ct. Memo LEXIS 192; 57 T.C.M. (CCH) 246; T.C.M. (RIA) 89192; April 27, 1989; As corrected April 27, 1989 Gerald Robert Salati, pro se. John C. McDougal, for the respondent. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes in the following amounts: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [2]
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654
1983
$ 3,020.00
$ 410.00
$ 151.00
50 percent of
$ 79.22
interest due on
$ 3,020.00
1984
4,581.00
154.00
229.05
50 percent of
--
interest due on
$ 4,581.00
*194 The issues presented for our determination are: (1) Whether petitioner is entitled to joint filing status for the taxable year 1984; (2) whether petitioner is entitled to take itemized deductions for interest for each of the years 1983 and 1984; and (3) whether petitioner is liable for any of the additions to tax determined by respondent in the notices of deficiency. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Newport News, Virginia when he filed his petition in this case. During each of the years in issue, petitioner was married to Donna M. Salati. For each of the taxable years 1983 and 1984, Donna M. Salati timely filed returns claiming the Salati's two children as dependents. She did not elect to itemize on these returns. On both her 1983 and 1984 separate returns, Donna M. Salati showed her filing status *195 as "married filing separate return" and calculated her tax on the married filing separate rates. Petitioner has not filed income tax returns for the taxable years 1983 and 1984. On July 27, 1987, respondent mailed separate notices of deficiency to petitioner for the taxable years 1983 and 1984. On August 24, 1987, petitioner and Donna M. Salati filed a Form 1040X, Amended U.S. Individual Income Tax Return, for the taxable year 1984, claiming joint filing status. On October 22, 1987, petitioner filed separate petitions with this Court for redetermination of the 1983 and 1984 deficiencies determined by respondent. During the taxable year 1983, petitioner received the following items of income: Wages
$ 16,647
State Income Tax Refund
672
Distribution from an IRA
181
Interest Income
120
Total
$ 17,620
Petitioner received wages during the taxable year 1984 in the amount of $ 22,982. Federal income tax was withheld from petitioner's wages during 1983 and 1984 in the amounts of $ 1,380.00 and $ 3,965,31, respectively. During 1983 and 1984, petitioner was a member of the Virginia Patriots, an organization which advocated the non-payment of taxes on wage *196 income. OPINION Petitioner's position is that the Form 1040X which he and Mrs. Salati filed on August 24, 1987, claiming joint filing status for the taxable year 1984, entitles him to joint filing status and joint return rates. Respondent's position is that petitioner is not entitled to make an election to file a joint return because of the provisions contained in section 6013(b). Section 6013(b)(1) generally provides that if an individual has filed a separate return for a taxable year for which a joint return could have been filed, he may elect to file a subsequent joint return even though the time prescribed by law for filing the return has expired. However, section 6013(b)(2)(C) provides that the aforementioned election to file a joint return may not be made "after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213." Sec. 6013(b)(2)(C). Even though petitioner had not previously filed an income tax return for 1984, and thus, individually does not come within the provisions of section 6013(b), his *197 wife did timely file a 1984 income tax return. Since she is a party to the attempted election to file a joint return embodied in the Form 1040X filed on August 24, 1987, the provisions of section 6013(b) apply to the instant case, as does the specific limitation contained in section 6013(b)(2)(C). That limitation precludes petitioner and his wife from making a joint return because a notice of deficiency had been mailed to petitioner prior to the time he and his wife filed the Form 1040X and petitioner timely filed a petition with the Tax Court. . The next issue is whether petitioner is entitled to itemized deductions for interest he allegedly paid during each of the years 1983 and 1984. Section 63(g) provides that no itemized deductions shall be allowed unless the taxpayer makes an election. Section 63(g)(4) provides that such an election shall be made on the taxpayer's return. Petitioner has not filed returns for either of the years at issue and, therefore, has not made an election. . We note that section 63 contemplates that when married persons file separately, *198 they must be consistent in their election to itemize deductions. Donna Salati did not elect to itemize deductions for the years 1983 and 1984. Petitioner is not entitled to itemized deductions. With respect to the additions to tax pursuant to section 6651(a)(1) for each of the years in issue, petitioner has the burden of proof. Rule 142(a). Petitioner testified that his reason for not filing returns was that he believed that he could file joint returns with his wife at any time within 3 years following the date on which his wife timely filed her returns for the years involved. He relies on this asserted belief to argue that his failure to file was due to reasonable cause and not due to willful neglect. We do not find petitioner's testimony to be credible on this point. Petitioner would have us believe that he in good faith thought that he could delay the filing of an income tax return for up to 3 years so long as his spouse filed a return. Based on our observations of petitioner and his testimony, we simply do not believe that petitioner failed to file his returns in reliance on such a belief. Our finding is supported by the fact that petitioner did not attempt to file a *199 1983 income tax return within 3 years of the date upon which his wife timely filed her 1983 income tax return. We note that the Form 1040X which petitioner filed in August 1987, for the year 1984, was not filed until after he had received a notice of deficiency. We also note that he was a member of an organization which advocated the nonpayment of taxes on wage income. Petitioner also has the burden of proof with respect to the additions to tax under sections 6653(a)(1) and (2). Petitioner's only evidence regarding negligence was his testimony referred to in the previous paragraph. We sustain respondent's determinations for the same reasons previously stated. Finally, petitioner also bears the burden of proof with respect to the addition to tax under section 6654 for the taxable year 1983. Petitioner's only argument at trial on this point was that tax was withheld from his wages. The amount of tax withheld was $ 1,380. The amount of the deficiency determination is $ 3,020. The notice of deficiency gives petitioner credit in computing the addition to tax. Petitioner has introduced no evidence to meet his burden of showing that he is not liable for this addition to tax. *200 Decision will be entered for the respondent.
Footnotes
1. These cases were consolidated for trial, briefing, and opinion on Nov. 1, 1988.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩